1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  FREDERICK KARL JOST,                    CASE NO. 1:09-cv-00507-SKO PC

10                     Plaintiff,          ORDER DISMISSING COMPLAINT, WITH
                                           LEAVE TO AMEND WITHIN THIRTY DAYS
11         v.
                                           (Doc. 1)
12  JERRY BROWN, et al.,

13                     Defendants.
    _____/
14

15          Plaintiff Frederick Karl Jost ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

17  California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at

18  Avenal State Prison.  Plaintiff is suing under Section 1983 for the violation of his rights under the

19  Second, Fifth, Eighth, Fourteenth, and Fifteenth Amendments.  Plaintiff names Attorney General

20  Jerry Brown, Warden James Hartley, N. Grannis, E. McCant, and Paula Ranson as defendants.  For

21  the reasons set forth below, Plaintiff's complaint is dismissed with leave to amend within thirty (30)

22  days.

23  **I.       Screening Requirement**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4         In determining whether a complaint fails to state a claim, the Court uses the same pleading

5  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

6  contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

7  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

8  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

9  accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

10 Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

11 accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

12 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

13 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.

14 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

15 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

16 Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

17 statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

18 **II.    Background**

19         **B.    Factual Background**

20         Plaintiff alleges that due to an orthopedic necessity resulting from pins and pain in his ankle,

21 Plaintiff was authorized to have and wear soft-sole shoes.  As a result of normal wearing from

22 consistent use of the shoes, Plaintiff required a new pair of shoes.  Plaintiff alleges that Defendants

23 were indifferent to Plaintiff's needs and prevented Plaintiff from obtaining another pair.

24 **III.   Discussion**

25         **A.    Use of Exhibits to Establish Claim**

26         Plaintiff has attached a number of exhibits to his complaint.  Exhibits are permissible if

27 incorporated by reference pursuant to Fed. R. Civ. P. 10(c) but they are not necessary in the federal

28 system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that under Rule 8 of the Federal

Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim," Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with the Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short," nor a "plain," statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action reaches an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the appropriate time and by complying with the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of critical facts in his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual information to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff–the Court will not do the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying on exhibits to present those facts.

///

///

**B.      Attorney General Brown and Warden Hartley as Defendants**

Plaintiff names Attorney General Brown and Warden Hartley as defendants but there are no allegations linking any actions or omissions by Brown or Hartley to a deprivation of Plaintiff's rights.  To establish a prima facie case under Section 1983, Plaintiff must demonstrate proof that the action (1) occurred "under color of law" and (2) resulted in a deprivation of a constitutional right or federal statutory right.  McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000).  "A person deprives another of a constitutional right, within the meaning of Section 1983, if [that person] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  Id. at 743-44.

**C.      Non-Cognizable Claims**

Plaintiff attempts to raise claims under the Second, Fifth, Fourteenth, and Fifteenth Amendments.

The allegations set forth by Plaintiff are insufficient to support a claim for violation of the Second Amendment.  The Second Amendment states: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. Amend. II.  Plaintiff makes no factual claims regarding the right to keep and bear arms.

Plaintiff does not specifically identify which clause of the Fifth Amendment was violated by Defendants.  The Court assumes that Plaintiff is seeking relief for the violation of the Fifth Amendment's due process clause.  "[T]he Fifth Amendment's due process clause applies only to the federal government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  Plaintiff's claim is made against state officials only.  The Fourteenth Amendment is applicable to state actors.  Since Plaintiff's factual allegations fail to state a claim under the Fifth Amendment, Plaintiff's due process claim will be analyzed under Fourteenth Amendment standards.

///

Plaintiff fails to raise a claim that adequately supports a violation of Plaintiff's Fourteenth Amendment due process rights.  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted).  The concept of due process under the Fourteenth Amendment is broad and wide-ranging.  The Eighth Amendment provides a more explicit textual source of constitutional protection for Plaintiff's medical care claims.  Accordingly, Plaintiff's claims will be analyzed under the Eighth Amendment.  See discussion infra III.D.

In order to establish a violation of the equal protection clause under the Fourteenth Amendment, the prisoner must present evidence of discriminatory intent.  See Washington v. Davis, 426 U.S. 229, 239-40 (1976); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Plaintiff's only description of discrimination is that Defendants' failure to provide soft-sole shoes rendered Plaintiff a victim of "blatant discrimination."  Plaintiff makes no factual allegations of racial, religious, or other class-based discrimination.  Nor does Plaintiff state any facts to support allegations of Defendants' intent to discriminate.

Plaintiff's allegations are insufficient to support a claim for violation of the Fifteenth Amendment.  The Fifteenth Amendment provides: The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude.  The Court assumes Plaintiff is attempting to raise a claim with regard to racial discrimination.  However, the discrimination prohibited under the Fifteenth Amendment concerns the right to vote not prisoner medical needs.

**D.    Claim for Violation of Plaintiff's Eighth Amendment Rights**

The Eighth Amendment protects the "physical, dental, and mental health" of inmates.  Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); see also Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (noting importance of providing dental care to prisoners).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison

5

official has a sufficiently culpable state of mind.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Deliberate indifference to a prisoner's serious illness or injury creates a cause of action under §1983.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976). The delay of, or interference with, medical treatment can amount to deliberate indifference.  *See* <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006); <u>Clement v. Gomez</u>, 298 F.3d 898, 905 (9th Cir. 2002); <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).  However, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury.  *See* <u>Hallett</u>, 296 F.3d at 745-46; <u>Shapley v. Nev. Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

The allegations set forth by Plaintiff are insufficient to support a claim for violation of the Eighth Amendment.  Plaintiff has not claimed that he suffered any further injury as a result of the delayed receipt of soft-sole shoes.  Nor has Plaintiff established that any risked injury or injury suffered was serious enough to fall within the purview of the Eighth Amendment.  Further, Plaintiff has not alleged any facts to establish that each Defendant acted with deliberate indifference or with actual knowledge of the risk to the Plaintiff.

"While Fed. R. Civ. P. 15 places leave to amend within the sound discretion of the trial court, [it has been] stressed that a court must remain guided by 'the underlying purpose of Rule 15... to facilitate decision on the merits, rather than on the pleadings or technicalities.'" <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981)). In <u>Armstrong v. Rushing</u>, 352 F.2d 836, 837 (9th Cir. 1965), it was established that a pro se litigant bringing a civil rights suit is entitled to, in the event of a dismissal, a statement of the grounds therefor and an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment.  <u>Noll</u>, 809 F.2d at 1448.  Therefore, the Court will provide Plaintiff with the opportunity to file an amended complaint with regard to his Eighth Amendment complaint.

///

///

**IV.    Conclusion and Order**

Plaintiff's complaint is dismissed, with leave to amend to cure the deficiencies identified by the Court in this order.  Id. at 1448-49.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  If Plaintiff decides to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

While Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely set forth again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed for failure to state any claims upon which relief might be granted;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Plaintiff shall be given leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

4.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    June 21, 2010**                    /s/ **Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE