1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   FREDERICK KARL JOST,                    CASE NO. 1:09-cv-00507-GBC PC

10                          Plaintiff,      ORDER DISMISSING COMPLAINT, WITH
                                            LEAVE TO AMEND, FOR FAILURE TO
11           v.                             STATE A CLAIM

12   JERRY BROWN, et al.,                   (Doc. 12 )

13                          Defendants.     THIRTY-DAY DEADLINE

14
15   _____/

16   **I.    Screening Requirement**

17           Plaintiff Frederick Karl Jost ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was transferred from

19   the Central District of California on March 18, 2009.  After screening, the Court issued an order

20   dismissing the complaint, with leave to amend, for failure to state a claim on June 22, 2010.  (Doc.

21   11.)  Currently pending before the Court is the first amended complaint, filed July 12, 2010.  (Doc.

22   12.)

23           The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

27   monetary relief against a defendant who is immune from such relief."  28 U.S.C  § 1915(e)(2)(B).

28           In determining whether a complaint states a claim, the Court looks to the pleading standard

1

1   under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

2   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

4   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

5   Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

6   (2007)).

7       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

8   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

9   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

10  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

11  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

12  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

13  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

14  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

15  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

16  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

17  **II.   Discussion**

18      Plaintiff is incarcerated at Avenal State Prison.  He is bringing suit against Defendants Jerry

19  Brown, James Hartley, N. Grannis, E. McCant, and Paula Ransom, in their individual and official

20  capacities, for violations of the Eighth, Fourteenth, and Fifteenth Amendments.  (Doc. 12, § IV.)

21  He is seeking monetary damages and injunctive relief that he be provided with soft soled shoes.  (Id.,

22  p. 12:6-15.)

23      Plaintiff's complaint is sixteen pages of legal argument and case law, with some factual

24  allegations  interspersed.  It appears from the few facts alleged that Plaintiff was authorized to wear

25  soft sole shoes due to ankle and knee pain.  (Id., p. 4:17-19.)  He has been receiving soft shoes for

26  the past fourteen years.  (Id., p. 7:20-27.)  His inmate appeal for new shoes due to orthopedic

27  necessity was denied.  (Id., p. 4:20-22.)  The California Department of Corrections and

28  Rehabilitation ("CDCR") has a policy of "resupplying the casual shoe" to the general prison

2

population at least once per year. (Id., pp. 6:26-7:4.) Plaintiff alleges the deprivation is due to the prison overcrowding "crisis" and budgetary deficits. (Id., p. 9:2-11.)

Although Plaintiff was provided with the legal standards that apply to his claim in the order issued on June 22, 2010, he has failed to state a cognizable claim. Plaintiff will be granted one final opportunity to file an amended complaint in compliance with the order issued on June 22, 2010, and the standards set forth below.

Initially, as Plaintiff was advised in the order issued June 22, 2010, his allegation that he is not being issued soft sole shoes does not constitute a violation of the Fifteenth Amendment. (Doc. 11, p. 5:17-22.)

To prove a violation of the Eighth Amendment  the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk.." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

In his first amended complaint, Plaintiff has failed to link Defendants to any actions or omissions that deprived Plaintiff of his constitutional rights. Iqbal, 129 S. Ct. at 1948; Jones, 297 F.3d at 934.  In his second amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes.  (See Form Complaint, § IV, enclosed with this order.) Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants

3

1  involved are.  Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts that
2  Plaintiff believes give rise to the claim.

3  **III.   Conclusion and Order**

4       For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
5  a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within
6  thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the
7  nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507
8  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

9       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
10  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
11  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the
12  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
13  caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although
14  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
15  speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

16       Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
17  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
18  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All
19  causes of action alleged in an original complaint which are not alleged in an amended complaint are
20  waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
21  Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

22       Based on the foregoing, it is HEREBY ORDERED that:

23       1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

24       2.    Plaintiff's complaint, filed July 12, 2010, is dismissed for failure to state a claim
25             upon which relief may be granted under section 1983;

26       3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
27             second amended complaint; and

28  ///

4

1    4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2          action will be dismissed, with prejudice, for failure to state a claim.

3    IT IS SO ORDERED.

4

Dated:    December 6, 2010

5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28