**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK KARL JOST,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00507-GBC PC<br><br>ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND DIRECTING CLERKS OFFICE TO ENTER JUDGMENT<br><br>(Doc. 15) |

**I.   Screening Requirement**

Plaintiff Frederick Karl Jost ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred from the Central District of California on March 18, 2009. The Court issued an order dismissing the first amended complaint, with leave to amend, for failure to state a claim on December 6, 2010. (Doc. 14.) Currently pending before the Court is the second amended complaint, filed December 22, 2010. (Doc. 15.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.  **Complaint Allegations**

Plaintiff is incarcerated at Avenal State Prison. He is bringing suit against Defendants Jerry Brown, James Hartley, N. Grannis, E. McCant, and Paula Ransom, in their individual and official capacities, for violations of the Eighth, Fourteenth, and Fifteenth Amendments. He is seeking punitive damages in the amount of $10,000. (Doc. 15, p. 12.)

Despite being previously informed that he was to submit a short and plain statement of the facts without any legal citations or argument, Plaintiff's complaint is thirteen pages of legal argument and case citation, with some factual statements interspersed.

Plaintiff alleges that new shoes are given to inmates at least once per year. (Id., p. 7.) For the last fourteen years, Plaintiff has been authorized to wear soft soled shoes due to ankle and knee pain. (Id., pp. 5, 8.) Plaintiff filed an inmate appeal requesting he be issued a new pair of shoes due to orthopedic necessity. (Id., pp. 5, 10.) Defendants Hartley, Grannis, McCant, and Ransom denied Plaintiff's request for soft soled shoes due to prison overcrowding and budgetary constraints. (Id.,

pp. 4-5, 9, 10.) Although Plaintiff was provided with the legal standards that apply to his claim in the orders issued on June 22 and December 6, 2010, he has failed to state a cognizable claim.

**III.  Discussion**

    **A.  Eighth Amendment**

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk.." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

Plaintiff's complaint, that he did not receive new shoes, fails to show that he was deprived of something sufficiently serious or that he was at risk of serious harm.  Additionally nothing indicates that any named defendant was aware of a substantial risk of serious harm to Plaintiff by not providing him with new shoes. Thomas, 611 F.3d at 1150. Therefore, the complaint fails to state a cognizable claim.

    **B.  Equal Protection**

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Although he alleges that he is a disabled inmate, the disabled do not constitute a protected class for equal protection purposes. Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008).  Plaintiff has failed to state a cognizable claim because the complaint fails to show that any similarly situated inmates intentionally received different treatment. Thornton, 425 F.3d at 1167; Village of Willowbrook, 528 U.S. at 564.

### C. Americans With Disabilities Act

To the extent that Plaintiff attempts to state a claim under Title II of the Americans with Disabilities Act ("ADA") he fails to state a cognizable claim. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010). To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Id.

Plaintiff's allegation that he is being denied new shoes because of budgetary constraints at the prison does not state a cognizable claim under the Americans With Disabilities Act.

### D. Fifteenth Amendment

Plaintiff fails to state a cognizable claim under the Fifteenth Amendment which provides for the right to vote and is not implicated by prisoners medical needs.

## IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by

amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   December 27, 2010

_____
UNITED STATES MAGISTRATE JUDGE