# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK KARL JOST, | CASE NO. 1:09-cv-00507-GBC PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 18) |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff Frederick Karl Jost ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 28, 2010, this action was dismissed, with prejudice for failure to state a claim. (Doc. 16.) On January 6, 2010, Plaintiff filed a motion for reconsideration.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).  Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

1 prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
2 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
3 omitted).  The moving party "must demonstrate both injury and circumstances beyond his control
4 . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in
5 relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
6 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
7 motion," and "why the facts or circumstances were not shown at the time of the prior motion."

8 "A motion for reconsideration should not be granted, absent highly unusual circumstances,
9 unless the district court is presented with newly discovered evidence, committed clear error, or if
10 there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
11 present evidence for the first time when they could reasonably have been raised earlier in the
12 litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
13 2009) (internal quotations marks and citations omitted) (emphasis in original).

14 Plaintiff is requesting reconsideration stating that the decision in this action is inconsistent
15 with the decisions issued in People v. Muct, 4 Cal.3d 389, 392 (1971) (defendant's conviction for
16 armed robbery was overturned, holding recall of remittitur can be granted when appropriate to
17 correct judicial error); People v. Wadkins, 63 Cal.2d 110, 114 (1965) (reversing order denying
18 defendant's motion to vacate judgment and change plea); and Franklin v. Conway, 546 F.2d 579 (4th
19 Cir. 1976) (requiring defendant to exhaust state remedies prior to bringing suit to challenge the
20 validity of a state statute in federal court).  The Court has reviewed these cases and fails to see how
21 they are relevant to the instant action.  Additionally, this court would not be bound by decisions in
22 these cases as they arise out of state court and another circuit.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1     Plaintiff's motion is devoid of any ground entitling Plaintiff to reconsideration of the Court's
2 order and is denied with prejudice. Judgment has been entered in this action and no further filings
3 by Plaintiff will be entertained unless they are proper post-judgment motions. Any further filings
4 by Plaintiff that do not constitute proper post-judgment motions will be ordered stricken from the
5 record.

6     IT IS SO ORDERED.

7
8 Dated:   January 11, 2011                    UNITED STATES MAGISTRATE JUDGE