# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK KARL JOST,<br><br>        Plaintiff,<br><br>   v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:09-cv-00507-GBC PC<br><br>ORDER DENYING PLAINTIFF'S PETITION FOR MOTION TO COMPEL DISCOVERY AND MOTION FOR POST JUDGMENT DISCOVERY<br><br>(ECF No. 26) |

Plaintiff Frederick Karl Jost ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 28, 2010, the action was dismissed for failure to state a claim. (ECF No. 16.) On January 6, 2011, Plaintiff filed a motion for reconsideration. (ECF No. 18.) An order denying the motion for reconsideration was issued on January 11, 2011, and Plaintiff was informed that any further filings that are nor proper post judgment motions would be stricken from the record. (ECF No. 20.) Plaintiff filed a notice of appeal on January 24, 2011. (ECF No. 21.) On February 1, 2011, Plaintiff filed a motion entitled petition for motion to compel discovery and motion for post judgement discovery. (ECF No. 26.)

The Court has reviewed Plaintiff's post judgment motion and, although entitled motion for discovery, the substance of the motion appears to be a motion for reconsideration as Plaintiff argues that "the judgment of this court is in conflict with the decision in the present case" and "[d]irectly conflicts with it's own decision." (Mot. to Compel 2, ECF No. 26.) Plaintiff states that the decision "is fraud and the judgment is void" and "the court [sic] mistake, inadvertence, surprise, or excusable neglect; the district court committed clear error." (Mot. to Compel 2-3.) The Court construes this

1   motion as a motion to obtain relief from a judgment pursuant to Federal Rule of Civil Procedure
2   60(b).
3         Rule 60 permits a district court to relieve a party from a final order or judgment on grounds
4   of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . .
5   . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Proc.
6   60(b). Plaintiff again argues that the decision in this action is inconsistent with the decision in
7   People v. Muct, 4 Cal.3d 389, 392 (1971). Plaintiff's conclusory statements that the judgment is a
8   fraud and that there was mistake, inadvertence, surprise, or excusable neglect is insufficient to
9   support reconsideration of the decision of the Court. Plaintiff's opposition is devoid of any ground
10  entitling Plaintiff to reconsideration of the Court's order and shall be denied.

11        To the extent that Plaintiff is seeking post judgment discovery, Federal Rule of Civil
12  Procedure 69 allows for post judgment discovery to aid in the execution of a judgment. Danning v.
13  Lavine, 572 F2d 1386, 1388 (9th Cir. 1978). Where the action has been dismissed for failure to state
14  a claim, as is the case here, there is no post judgment discovery. Federal courts are courts of limited
15  jurisdiction and the Court is bound by the requirement that as a preliminary matter, it have before
16  it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley
17  Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471
18  (1982). If the Court does not have an actual case or controversy before it, it has no power to hear
19  the matter in question. Id. The case or controversy requirement cannot be met in light of the fact
20  that this case has been dismissed and closed. Because this case has been dismissed with prejudice
21  and closed, the case-or-controversy requirement is not met such that this action provides no basis
22  upon which discovery could be ordered.

23        Accordingly, Plaintiff's petition for a motion to compel discovery and motion for post
24  judgment discovery construed as a motion for reconsideration, filed February 1, 2011, is HEREBY
25  DENIED.

26        IT IS SO ORDERED.

27  Dated:   February 9, 2011
28                                         UNITED STATES MAGISTRATE JUDGE